**COMPOSITE MODULES, INC., Plaintiff,**

v.

**THALHEIMER BROS., INC., Defendant.**

**Civil Action No. 07–11184–NMG.**

United States District Court, D. Massachusetts.

Nov. 28, 2007.

Robert A. Koditek, Koditek Law Firm, Hingham, MA, for Plaintiff.

Gregory D. Lorincz, Michael T. McGahan, Coogan, Smith, McGahan, Lorincz, Jacobi & Shanley, LLP, Attleboro, MA, for Defendant.

### MEMORANDUM & ORDER

GORTON, District Judge.

This case involves a common law conversion claim brought by a metal manufacturer against a defendant who allegedly purchased stolen goods. Before the Court is the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 19, on the grounds that required parties have not been joined. The defendant has also moved for a stay of discovery pending resolution of the motion to dismiss.

### I. *Background*

The plaintiff, Composite Modules, Inc. ("Composite") alleges that its former employee, Roger Mozda ("Mozda"), stole several hundred thousand dollars worth of goods from it over a period of several months. It further alleges that Mozda sold the goods to Charles Scrap Metal, Inc. ("Charles"), which, in turn, sold some of the goods to Solomon Metals Corp. ("Solomon") and some to the defendant, Thalheimer Bros., Inc. ("Thalheimer"). Mozda, Solomon and Charles will hereinafter be referred to as "the Unnamed Defendants".

This action is brought in diversity because Composite is a Massachusetts corporation and Thalheimer is organized under the laws of (and has its principal place of business in) Pennsylvania. The Unnamed Defendants are all Massachusetts domiciliaries and, thus, their inclusion as parties would eliminate complete diversity and deprive this Court of jurisdiction. The plaintiff has filed suit against the unnamed defendants in Massachusetts Superior Court and has moved that court to join Thalheimer as a party-defendant as well.

### II. *Analysis*

#### A. **Legal Standard**

The first issue to resolve under Rule 19 is whether any of the Unnamed Defendants is a "person to be joined if feasible", which turns on whether or not any of them

> "claims an interest relating to the subject of the action [such] that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Fed.R.Civ.P. 19(a).

Rule 19(b) describes the factors that the Court must consider in deciding whether to proceed when a party who ought to be joined cannot be (as here, where such joinder would deprive the court of jurisdiction). The factors include: 1) the possibility of prejudice to the third party or to those already parties, 2) the court's ability to shape the relief to avoid prejudice, 3) whether judgment in the third party's ab-

sence would be adequate and 4) whether the plaintiff has an adequate remedy if the action is dismissed for nonjoinder. The overarching test is whether the Court can "in equity and good conscience" go forward.

### B. Application

■ Here, it is apparent that Mozda, in particular, claims an interest in this action: he is alleged to have committed the underlying theft. Were this Court to proceed without him, the result would be 1) parallel state and federal proceedings involving the same facts which could lead to contrary outcomes and 2) even in the best of circumstances, a waste of judicial resources.

■ The plaintiff's opposition relies on the simple proposition that in a case involving multiple tortfeasors, the fact that a third party may be jointly and severally liable with the defendant does not render that third party "necessary". *Temple v. Synthes Corp, Ltd.*, 498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263 (1998). It is permissible, in such a case, to proceed against only one tortfeasor and leave questions of indemnity and contribution for another time.

Although the stated proposition is valid, it does not adequately account for the Unnamed Defendants' roles in the alleged conversion. They are more than joint tortfeasors; they are the alleged principal bad actors and intermediaries in privity with the defendant and the plaintiff. One can imagine how this trial would proceed. The defendant would likely deny that it had reason to know that the goods were stolen; it merely bought scrap metal from a scrap metal dealer. The plaintiff, in order to rebut that defense, would need to introduce evidence of the alleged actions of the Unnamed Defendants which are pivotal to its theory of the case. Without giving the Unnamed Defendants an opportunity to respond, this Court would be unable to devote fair and adequate consideration to the entirety of the dispute.

The ongoing state proceeding is essential for an adequate resolution of this case. The plaintiff points out that Thalheimer has opposed the plaintiff's motion to amend its state-court complaint to add Thalheimer as a defendant but the sole ground for that opposition is the pendency of this action. Thalheimer seeks only to avoid duplicative litigation, which is eminently reasonable. If this action is dismissed, its opposition to participating in the state suit must necessarily dissolve. Because the state court provides an adequate forum in which all parties may be heard, equity requires that the action in this Court be dismissed.

### ORDER

In accordance with the foregoing, the defendant's motion to dismiss (Docket No. 4) is **ALLOWED** which renders the defendant's motion to stay discovery (Docket No. 10) moot. That motion is, therefore, **DENIED.**

**So ordered.**